[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11463
Both parties appeared and were represented by counsel. All statutory stays having expired, the Court has jurisdiction.
Having heard the evidence, the Court finds as follows:
The Plaintiff and Defendant, whose maiden name was Smith, but whose former married name was Shahan, intermarried at Stonington, Connecticut on December 19, 1979; that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that no minor children were born to the Plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The parties differ as to why the marriage broke down. The Plaintiff testified that the Defendant was and still is unfaithful; that during 1983 and 1984 he had a sexual relationship with Terri Welkerson Looney for about six months; that in July 1984 a child was born to said Looney from the relationship; that he made advances to other women; that notwithstanding Defendant's extramarital affairs, Defendant wanted to continue the marriage; that Defendant vacated the marital residence in January 1997 and took up residence in Ledyard, Connecticut with Courtney Allen; and that there was no hope for reconciliation after she heard of his being with said Allen.
The Defendant admitted his relationship with Terri Looney, but denied that he is the father of her child born in July 1984. He further testified that the Plaintiff called customers of his excavating business resulting in a loss of business; that Plaintiff had a serious drinking problem; that when she was drinking, she was mean, physically abusive and argumentative; that the parties reconciled after Plaintiff promised to stop drinking; but shortly thereafter, Plaintiff started drinking again; that he decided to leave the Plaintiff because of her drinking.
Courtney Allen testified that, after the Defendant left the Plaintiff, he resided with her occasionally. She admitted that she had sex with the Defendant during September 1997 and that their relationship ended approximately six weeks ago. CT Page 11464
The Plaintiff denies she ever harassed Defendant's customers, or that she was institutionalized for any alcohol problem.
The Plaintiff, who was born July 15, 1945, suffers from high blood pressure and depression. The depression started after the breakup of her marriage to the Defendant. She started treatment with Sara Avalline of Comprehensive Psychiatric Care on January 3, 1997 and continues to be treated. Plaintiff was put on medication to control her problems.
The Plaintiff has been employed as a secretary in the Ledyard Police Department for over 18 years. According to her financial affidavit, her net weekly income is $320.18. Her continued employment seems certain.
The Defendant, who was born September 5, 1951, appears to be in good health except that he claims his employment is very stressful. He has been employed with the Ledyard Police Department since May 14, 1975. According to his financial affidavit, Defendant has a net weekly income of $566.75. The Defendant's employment also seems certain.
The marital residence located at and known as 80 Barnes Road, Stonington was owned by the Defendant prior to his marriage to the Plaintiff. The present value of the premises is reported to be $135,000.00. It is subject to a mortgage of $29,000.00± . According to James Blair, a qualified real estate appraiser, the fair market value of said property was $52,000.00 when the parties married.
During the marriage, the Defendant started an excavating business and purchased the necessary heavy and light equipment. Whatever profit he netted went to the benefit of the marriage. As stated above, the Defendant claims the Plaintiff started meddling in the business resulting in a loss of customers.
The Defendant owns heavy and light equipment, a backhoe and International truck all valued at $21,380.00; a boat and many rifles and guns.
On Defendant's financial affidavit said boat, guns, tools and heavy and light equipment are valued at $26,500.00
The Defendant also has miscellaneous household goods; a Dime CT Page 11465 Savings Bank account; a 401k plan valued at $8,158.00; a Town of Ledyard pension valued at $99,000.00; comp time from his employment valued at $14,766.15; a $250,000.00 life insurance with a cash value of $10,040.00, a $10,000.00 life insurance from his employment and a 1993 Dodge truck valued at $19.000.00.
The Plaintiff owns a 1989 Subaru valued at $900.00; furniture, household goods and clothing valued at $6,082.00 a Town of Ledyard retirement plan valued at $24,718.00; a $5,000.00 life insurance with a cash value of $2,108.00.
Plaintiff settled an injury action and received $54,000.00± of which $30,000.00± went to the benefit of the parties, however, she did not account for $24,000.00± of her settlement.
Defendant claims that the Plaintiff has possession of some Civil War memorabilia, which was previously owned by Plaintiff's grandmother. Plaintiff claims her mother gave her possession of those items and wants to keep them. The Plaintiff has possession of a grandfather clock Defendant purchased for $416.00.
Although there was much evidence as to financial matter, the Court finds that most, if not all, of the money earned went to the benefit of the marriage. As to Plaintiff's drinking problem, the testimony from both sides was conflicting.
This Court finds that the evidence referred to is sufficient to find that the marriage has broken down irretrievably with no hope for reconciliation and that the parties are equally responsible for the breakdown of the marriage. Accordingly, a decree dissolving the marriage of the parties on the grounds of irretrievable breakdown is ordered.
After considering the provisions of Connecticut General Statute §§ 46b-62, 81 and other pertinent statutes, the following orders, which the Court deems to be fair and equitable, are entered.
1. The Defendant shall pay to the Plaintiff alimony in the sum of $100.00 per week for a period of 8 years, remarriage of the Plaintiff, death or cohabitation with another male, whichever is the first to occur. Said alimony is modifiable as to amount but non-modifiable as to term. CT Page 11466
2. The Plaintiff shall transfer all of her interest in the marital home to the Defendant. The Defendant shall hold the Plaintiff harmless on all indebtedness on the home and shall pay to the Plaintiff $30,000.00 within 90 days of the transfer. The Defendant is not to transfer said property until he pays the $30,000.00.
3. The Civil War Memorabilia, antiques and cuckoo clock shall belong to the Plaintiff.
4. Each party shall keep the household furniture and furnishings in their possession.
5. The Defendant shall own the 1993 Dodge truck valued at $900.00. The Plaintiff shall own the 1989 Subaru valued at $19,000.00. Accordingly, the Defendant shall pay to the Plaintiff $9,000.00 within 60 days.
6. The Defendant shall transfer to the Plaintiff from his pension $32,200.00 by QDRO, which shall be prepared by Defendant's attorney. The Plaintiff shall keep her own pension.
7. The Plaintiff shall keep the balance of her injury settlement free of any claim from the Defendant. In return, the Defendant shall keep all the guns, boat, rifles, heavy and small equipment, tools and the grandfather clock.
8. Regarding the cash values of the parties' insurance, Defendant shall pay to the Plaintiff the sum of $3,966.00.
9. The Defendant shall pay to the Plaintiff one-half of Defendant's comp time which was valued at $14,766.15 within 60 days.
10. Each party shall be solely responsible for the debts listed in their respective financial affidavits.
11. The Defendant shall pay to the Plaintiff, within thirty days, $4,079.00, which is one-half of his 401k plan.
12. The Plaintiff's former married name, Shahan, shall be restored to her.
13. Each party shall pay their own attorney's fees. CT Page 11467
Vasington, JTR